LEGAL MAIL
Provided to ~~~~~~~~~~~ on on

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Alexander Leo Brown _____ ,

Inmate ID Number: _L50081_____ ,

_____ ,

*(Write the full name and inmate ID
number of the Plaintiff.)*

Case No.: 4:21 cv 309-WS-MAF
*(To be filled in by the Clerk's Office)*

**v.**

Luis Rodriguez, et al. _____ ,

_____ ,

_____ ,

**Jury Trial Requested?**
■ YES  □ NO

*(Write the full name of each
Defendant who is being sued. If the
names of all the Defendants cannot
fit in the space above, please write
"see attached" in the space and
attach an additional page with the
full list of names. Do not include
addresses here.)*

_____ /

FILED USDC FLND PN
JUL 23 '21 PM1:01 MB

NDFL Pro Se 14 (Rev 12/16) Civil Rights Complaint Prisoner
Clerk Admin/Official/Forms

1

# I. PARTIES TO THIS COMPLAINT

## A. Plaintiff

Plaintiff's Name: _Alexander Leo Brown_   ID Number: _L50037_

List all other names by which you have been known: _____

Current Institution: _Florida State Prison_

Address: _P.O. Box 800, Raiford, Florida 32083_

## B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation.   For individual Defendants, identify the person's official position or job title, and mailing address.   Indicate the capacity in which the Defendant is being sued.   Do this for *every* Defendant:

1. Defendant's Name: _Luis Rodriguez_

   Official Position: _Medical Doctor_

   Employed at: _Santa Rosa Correctional Institution_

   Mailing Address: _5850 East Milton Road_
   _Milton, Florida 32583_

   ■ Sued in Individual Capacity      □ Sued in Official Capacity

2. Defendant's Name: _Paulk_

Official Position: _Practitioner_

Employed at: _Apalachee Correctional Institution ( Relocated)_

Mailing Address: _35 Apalachee Dr._

_Sneads, Florida 32460_

■ Sued in Individual Capacity          ☐ Sued in Official Capacity

3. Defendant's Name: _Hernandez-Perez_

Official Position: _Regional Medical Director_

Employed at: _Apalachee Correctional Institution_

Mailing Address: _35 Apalachee Dr._

_Sneads, Florida 32460_

■ Sued in Individual Capacity          ■ Sued in Official Capacity

*(Provide this information for all additional Defendants in this case by*

*attaching additional pages, as needed.)*

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ■ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

■ Convicted State Prisoner   ☐ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other *(explain below)*:

_____   _____

_____   _____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal argument, quote cases, cite to statutes, or reference a memorandum.*** You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages

should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

1. On or about August 2nd, 2020, while incarcerated at Apalachee Correctional Institution, the plaintiff was involved in a fight with a prisoner. During the fight, plaintiff's right ankle was injured causing him great pain, and some swelling.

2. The plaintiff could not walk normally or apply weight on the ankle to stand.

3. The plaintiff submitted several inmate sick call requests complaining of the pain and difficulty to walk and stand.

4. On August 31st, 2020, the plaintiff was seen by nurse Godby. She gave him some Ibuprofens and told him to submit another sick call.

5. On September 9th, 2020, the plaintiff was placed in administrative ~~confinent~~ confinement pending disposition of a disciplinary report unrelated to this Complaint.

6. On September 14th, 2020, the plaintiff submitted another sick call concerning the pain.

7. On September 16th, 2020, the plaintiff was seen by nurse Bennett. She examined the ankle and scheduled him for an appointment with the PCP for a follow up.

**Statement of Facts Continued** *(Page 2 of 5 )*

8. On September 23rd, 2020, the plaintiff was evaluated by defendant Paulk. The plaintiff explained to her that he could not walk normally or apply weight to stand on the right ankle due to the pain.

9. Defendant Paulk ordered an ace wrap (which he did not receive) for the ankle and Naproxen 500 mg for the pain.

10. No adequate course of medical treatment was prescribed by defendant Paulk. This caused the plaintiff to remain in an ongoing state of pain and suffering.

11. On November 1st, 2020, the plaintiff submitted another sick call concerning the pain and swelling.

12. On November 13th, 2020, the plaintiff was seen by nurse Cooper. She examined the right ankle and gave him some Ibuprofens.

13. On November 29th, 2020, the plaintiff submitted another sick call concerning the pain, swelling, and difficulty walking.

14. On December 6th, 2020, the plaintiff was seen by nurse McKay. She gave him some Ibuprofens, and told him to submit another sick call.

15. On December 20th, 2020, the plaintiff submitted another sick call

# Statement of Facts Continued  Page 3 of 5

concerning the pain, suffering, and that the medication was not helping the pain when walking or standing.

16. On December 28th, 2020, the plaintiff was seen by nurse Kirksay. She gave him Ibuprofens and sent him back to his cell.

17. On January 4th, 2021, the plaintiff was evaluated by defendant Hernandez-Perez concerning the ankle pain.

18. The plaintiff explained to Hernandez-Perez that his right ankle was painful and could not walk normally or apply weight on it to stand.

19. Defendant Hernandez-Perez told plaintiff that it didn't look like anything was wrong the way he was walking.

20. Plaintiff stated that he would write Hernandez-Perez up if not treated; Hernandez-Perez then ordered prison staff to remove the plaintiff from the triage.

21. No adequate course of medical treatment or care was provided to the plaintiff, leaving him in a state of physical pain and mental suffering.

22. The plaintiff was thereafter transferred to Santa Rosa Correctional Institution.

23. On February 2nd, 2021, the plaintiff submitted a sick call concerning the pain and suffering, and the hardship to walk or stand.

24. On February 5th, 2021, the plaintiff was seen by nurse Gray. She gave him some Ibuprofens and told him to submit another sick call.

25. On February 27th, 2021, the plaintiff submitted another sick call about the pain.

26. On March 3rd, 2021, the plaintiff was seen by nurse Gray. She gave him more Ibuprofens and referred him to be seen by the doctor.

27. On March 5th, 2021, the plaintiff was evaluated by defendant Rodriguez. Plaintiff explained to Rodriguez that he injured his right ankle fighting with a prisoner, and since then he have been suffering from pain, swelling, and difficulty to walk and stand.

28. After Rodriguez evaluated and examined the right ankle, he ordered x-rays, medication for inflammation, a no prolong standing pass, and a

## Statement of Facts Continued Page 4 of 5

pass for a wheelchair for long distance, and a follow up.

29. On March 17th, 2021, the plaintiff was escorted in a wheelchair to the medical unit where the x-rays were taken. No acute fractures, gross lytic or blastic lesions in the bones were indicated. However, the plaintiff's pain continued.

30. On April 14th, 2021, the plaintiff submitted another sick call concerning the ongoing pain.

31. On April 17th, 2021, the plaintiff was seen by nurse Neely. She gave him Ibuprofens and told him to submit another sick call.

32. On May 4th, 2021, the plaintiff submitted another sick call.

33. On May 8th, 2021, the plaintiff was seen by nurse Neely. She gave him more Ibuprofens and referred him back to defendant Rodriguez.

34. On May 12th, 2021, the plaintiff was seen again by defendant Rodriguez. He ordered for blood to be taken, and Naproxen 500 mg.

35. On May 21th, 2021, the lab results indicated normal conditions.

36. The plaintiff has filed repeated grievances requesting medical care for his right ankle pain.

37. On information and belief, when a prisoner submits a grievance, the grievance staff call the matter to the attention of those individuals responsible for the matter that the grievance concerns.

38. Defendant Hernandez-Perez is the Regional Medical Director and is in charge of all approvals and arrangements for medical evaluation and treatment for prisoners outside the prison.

## Imminent Threat of Serious Physical Injury

39. The plaintiff is currently experiencing ongoing pain in the right ankle when he walks or stands, and limps on his right side because of the pain.

40. The plaintiff cannot walk normally and his ankle does not have the full range of motion before it was injured.

41. The plaintiff is suffering irreparable harm in the form of continued

# Statement of Facts Continued Page 5 of 5

physical and mental pain and suffering and a risk that his right ankle will never be restored to its full usefulness.

42. The plaintiff is in imminent danger of serious physical injury.

# Exhaustion of Administrative Remedies.

43. The plaintiff has exhausted all available administrative remedies with respect to all claims and defendants.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is named, indicate which claim is presented against which Defendant.

44. The inaction of defendants Pawlk, Hernandez-Perez, and Rodriguez to provide medical care and treatment for the plaintiff's right ankle, resulted in suffering unnecessary and wanton infliction of pain, constitutes deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

A. Issue a declaratory judgment stating that:

1. Defendants Pawlk, Hernandez-and Perez and Rodriguez's failure to provide medical care and treatment for the plaintiff violated, and continue to violate, the plaintiff's rights under the Eighth Amendment

Relief Requested Continued  Page 2 of 2

to the United States Constitution.
  B. Issue an injunction ordering defendant Hernandez-Perez or his agents
to:
  1. Immediately arrange for the plaintiff to be examined by a qualified
physician;
  2. Immediately arrange for the plaintiff's need for medical treatment to
be evaluated by a medical practitioner with expertise in the treatment
and restoration and function of ankle; and
  3. Carry out without delay the treatment directed by such medical
practitioner.
  C. Award compensatory damages in the following amount:
  1. $50,000 jointly and severally against defendants Paulk, Hernandez-
Perez and Rodriguez for the physical and emotional injury resulting from
their failure to provide medical care to the plaintiff.
  D. Award punitive damages in the following amount:
  1 $20,000 each against Defendants Paulk, Hernandez-Perez and
Rodriguez.

**ATTENTION:** *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . ." 42 U.S.C. § 1997e(e).*

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies *(grievance procedures)* before bringing a case.  42 U.S.C. § 1997e(a).  **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII.  PRIOR LITIGATION

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?

■ YES    □ NO

If you answered yes, identify the case number, date of dismissal and court:

1. Date: __UNKNOWN__    Case #: __2:13-CV-524__
   Court: __U.S. Courthouse and Federal Building- Fort Myers Division__

2. Date: __UNKNOWN__    Case #: __UNKNOWN__
   Court: __United States District Court- Jacksonville Division__

3. Date: __UNKNOWN__    Case #: __UNKNOWN__
   Court: __United States District Court- Jacksonville Division__

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

□ YES    ■ NO

If you answered yes, identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #: _____    Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2.   Case #: _____ Parties: _____ _____

Court: _____ _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

C.  Have you filed any other lawsuit in federal court either challenging your
conviction or otherwise relating to the conditions of your confinement?

□ YES   ■ NO

If you answered yes, identify all lawsuits:

1.  Case #: _____ Parties: _____ _____

Court: _____ _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

2.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

3.  Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____.

4. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

5. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

6. Case #: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending)*: _____

Reason: _____

*(Attach additional pages as necessary to list all cases.* ***Failure to***

***disclose all prior cases may result in the dismissal of this case.)***

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all

continuation pages) is true and correct.   Additionally, as required by Federal

Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 7-20-21   Plaintiff's Signature: _Alexander Leo Brown_

Printed Name of Plaintiff: _Alexander Leo Brown_

Correctional Institution: _Florida State Prison_

Address: _P.O. Box 800_

_Raiford, Florida 32083_

**I certify and declare, under penalty of perjury, that this complaint was (check one) ■ delivered to prison officials for mailing or □ deposited in**

the prison's mail system for mailing on the _20_ day of _July_ ,
20 _21_ .


Signature of Incarcerated Plaintiff: _Alexander Lee Brown_

Alexander Leo Brown, DC #250057
Florida State Prison
P.O. Box 800
Raiford, Florida 32083

LEGAL MAIL

United States District Court
1 North Palafox Street
Pensacola, Florida 32502-5665

LEGAL MAIL ONLY