IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ALEXANDER LEO BROWN,**
**D.O.C. #L50087,**

    **Plaintiff,**

vs.                                                  Case No. 4:21cv309-WS-MAF

**LUIS RODRIGUEZ, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, an inmate proceeding pro se, initiated this case by filing a a civil rights complaint filed under 42 U.S.C. § 1983, ECF No. 1, a motion requesting leave to proceed in forma pauperis, ECF No. 2, and a motion for a temporary restraining order, ECF No. 3. Plaintiff's in forma pauperis motion has been reviewed along with his complaint as required by 28 U.S.C. § 1915A.

    First, Plaintiff asserts in his complaint that he "is in imminent danger of serious physical injury." ECF No. 1 at 9. In responding to the questions on the complaint form which requires disclosure of all prior litigation,

Plaintiff indicated that he previously had a case dismissed as a "strike" under 28 U.S.C. § 1915(g). ECF No. 1 at 13. However, Plaintiff listed only one case, case number 2:13cv824 from the Middle District of Florida. Otherwise, Plaintiff indicated only that two additional cases were dismissed, but Plaintiff said the dates and case numbers were unknown to him. *Id.* Plaintiff listed no other cases he had filed.

In attempting to confirm whether or not Plaintiff has three "strikes," it is noted that Plaintiff did file the case he acknowledged, case number 2:13cv824. However, that case was dismissed without prejudice on October 6, 2014, pursuant to Plaintiff's notice of voluntary dismissal. ECF Nos. 22-23 of that case. That dismissal is not a "strike."

Nevertheless, judicial notice is taken that Plaintiff[1] filed case number 2:14cv599-JES-D_F in the Middle District of Florida, Fort Myers Division. That case was dismissed on November 5, 2014, as an abuse of the judicial process because Plaintiff "failed to truthfully disclose his prior cases." ECF No. 10 of that case. Plaintiff was advised that the case counted "as a 'strike' for the purposes of 28 U.S.C. § 1915(g)." *Id.*

---

[1] The Court has confirmed that Plaintiff filed each case listed in this Report and Recommendation by comparing the inmate number provided on the docket.

Case No. 4:21cv309-WS-MAF

In addition, Plaintiff filed case number 2:13cv94-JES-MPM in that same court. It was dismissed on February 19, 2013, for failure to state a claim or, in the alternative, failure to properly exhaust administrative remedies. ECF No. 7 of that case. Those two cases count as "strikes."

Finally, Plaintiff filed case number 3:14cv1544-BJD-JBT in the Middle District of Florida, Jacksonville Division. That case was dismissed on February 4, 2015, as an abuse of the judicial process because Plaintiff "failed to fully and truthfully disclose his prior strikes." ECF No. 6 of that case. Plaintiff was advised that the case counted "as a 'strike' for the purposes of 28 U.S.C. § 1915(g)." *Id.* Accordingly, Plaintiff does, indeed, have three strikes. Because this Court has outlined those dismissals, Plaintiff must fully disclose them in any civil case filed in the future.

Importantly, if a prisoner has three prior cases dismissed pursuant to § 1915(g),[2] he is not entitled to in forma pauperis status absent allegations that he is in imminent danger of serious physical injury. Thus, the Court

---

[2] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:21cv309-WS-MAF

has reviewed Plaintiff's complaint, ECF No. 1, to determine if he is entitled to proceed with in forma pauperis status.[3]

Here, Plaintiff is incarcerated at the Florida State Prison in Raiford, Florida. ECF No. 1 at 2. The Defendants are located at Santa Rosa Correctional Institution and Apalachee Correctional Institution. Thus, Plaintiff is not in any physical danger from any of the Defendants.

Furthermore, the factual allegations of this case concern Plaintiff's claim that he injured his right ankle on August 2, 2020. ECF No. 1 at 5. Since that time, Plaintiff contends he has gone to sick call numerous times and has received some treatment, but he contends it is not adequate and he is still suffering with pain. *Id.* at 7. He admits he has been provided with pain medication and Ibuprofen for inflammation; he was prescribed an ace bandage (which he alleges he never received), a "no prolonged standing pass, and a pass for a wheelchair for long distance." *Id.* at 6-8. He also had his ankle x-rayed which revealed no fracture, and his lab results were "normal." *Id.* at 8. Thus, Plaintiff's allegations reveal he continues to suffer with ankle pain, but it does not contain assertions which show he is likely to

---

[3] Plaintiff's motion, ECF No. 2, reveals that Plaintiff qualifies for in forma pauperis status because he has maintained a zero account balance and lacks funds with which to pay the filing fee.

Case No. 4:21cv309-WS-MAF

have "severe ongoing complications, is more susceptible to various illnesses, [or] his condition will rapidly deteriorate." See Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004) (holding that prisoner with HIV and hepatitis sufficiently alleged that he faced "imminent danger of serious physical injury" after defendants stopped all prescribed treatment); *see also* Mitchell v. Nobles, 873 F.3d 869, 874 (11th Cir. 2017) (relying on the standards explained in Brown to satisfy the imminent-danger exception).

It is concluded that Plaintiff's complaint does not demonstrate that he faces imminent danger from his medical condition. His allegations are focused on past injury only as there is no indication that Plaintiff's condition has worsened or will rapidly deteriorate. Because Plaintiff has "three strikes," he is not entitled to proceed with in forma pauperis status. Thus, Plaintiff's motion, ECF No. 2, should be denied and this case summarily dismissed. Dismissal should be without prejudice to Plaintiff submitting a complaint in a new case for which he pays the full $400.00 filing fee at the time of case initiation if he wants to proceed with his claims. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not pay the filing fee at the time he initiates the suit). "The prisoner

cannot simply pay the filing fee after being denied in forma pauperis status." *Id.*

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2, be **DENIED** pursuant to 28 U.S.C. § 1915(g), and this case be **DISMISSED without prejudice** to Plaintiff's refiling an action if he simultaneously submits the $402.00 filing fee.  It is also **RECOMMENDED** that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(g).

**IN CHAMBERS** at Tallahassee, Florida, on July 27, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic</u>**

**docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**